UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| LUIS A.Z.H., <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, *Attorney General of the United States*; <br><br> KRISTI NOEM, *Secretary, U.S. Department of Homeland Security*; <br><br> TODD M. LYONS, *Acting Director, Immigration and Customs Enforcement;* and <br><br> DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; <br><br> Respondents. | Civil No. 26-915 (JRT/LIB) <br><br><br><br><br><br><br><br> **MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Claire Glenn, **CLIMATE DEFENSE PROJECT**, Post Office Box 7040, Minneapolis, MN 55407, for Petitioner.

Ana H. Voss, Trevor Brown, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 for Respondents.

Petitioner Luis A.Z.H. was arrested and detained by United States Immigration and Customs Enforcement ("ICE") in early January 2026. Luis A.Z.H. petitions for a writ of habeas corpus, arguing that he is being detained unlawfully. Because the Court concludes

that Luis A.Z.H.'s detention is unlawful, the Court will grant his petition for habeas corpus and order that he be released from custody.

## BACKGROUND

Luis A.Z.H. is a citizen of Ecuador and a resident of Minneapolis, Minnesota. (Verified Pet. Writ of Habeas Corpus ("Pet.") ¶ 12, Jan. 31, 2026, Docket No. 2.) He entered the United States in December 2022 and has no criminal record. (*Id.* ¶¶ 13, 16.)

In early January 2026,[1] ICE arrested Luis A.Z.H. after dropping his daughter off at daycare. (*Id.* ¶ 17.) He was taken into custody and detained in Minnesota. (*Id.* ¶ 19.) A few days later, Petitioner was transferred to Texas and then to New Mexico. (*Id.*) Petitioner is believed to be currently detained at the Cibola County Correctional Center in New Mexico. (*Id.*) Petitioner also suffers from lupus, and he states that while in detention, Respondents have not given him access to his medications. (*Id.* ¶ 15.)

On January 31, 2026, Luis A.Z.H. filed a Verified Petition for Writ of Habeas Corpus. (Docket No. 2.) He alleges that his continued detention is unlawful and requests that the Court order his immediate release, or alternatively, a bond hearing. (*Id*. ¶¶ 30–63.) The next day, the Court issued an order that (1) enjoining Respondents from transferring Luis A.Z.H. outside the District of Minnesota pending a ruling on his habeas petition, and (2)

---

[1] The Petition states that Petitioner was arrested on either January 6, 2026, or January 10, 2026. (Pet. ¶¶ 7, 17.) This discrepancy is immaterial to the resolution of the matter.

directed Respondents to file an answer by February 3, 2026. (Order, Feb. 1, 2026, Docket No. 4.) Respondents answered the Petition. (Resp., Feb. 3, 2026, Docket No. 5.)

## DISCUSSION

Respondents argue that Luis A.Z.H. is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).[2] After thorough review of the parties' filings, the Court concludes that the legal issues presented by Luis A.Z.H.'s habeas petition are subject to the same analysis the Court recently employed in *Herrera Avila v. Bondi*, No. 25-3741, 2025 WL 2976539 (D. Minn. Oct. 21, 2025) and *Romero Santuario v. Bondi*, No. 25-4296, 2025 WL 3469577 (D. Minn, Dec. 2, 2025). The factual record before the Court shows that Luis A.Z.H. was arrested while already in the United States. For the same reasons articulated in *Herrera Avila* and *Romero Santuario*, the Court concludes that it possesses jurisdiction over this petition, and that Luis A.Z.H.'s detention is not authorized by § 1225(b)(2).

The Court therefore turns to the proper remedy. In some previous cases involving this issue, the Court has concluded that a bond hearing pursuant to § 1226(a) is the appropriate remedy. However, the Court is now persuaded that where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2); and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a), the appropriate remedy is release from custody. *See, e.g.*, *Ahmed*

---

[2] Because Respondents do not dispute venue, the Court considers that issue to be waived. *See Rumsfeld v. Padilla*, 542 U.S. 426, 452 (2004) (Kennedy, J. concurring) (noting that the "proper location for a habeas petition is best understood as a question of personal jurisdiction or venue").

*M. v. Bondi*, No. 25-4711, 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026); *Lauro M. v. Bondi*, No. 26-134, 2026 WL 115022, at *3 (D. Minn. Jan. 15, 2026); *cf. Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. . . . The typical remedy for such detention is, of course, release.").

Accordingly, the Court will grant Luis A.Z.H.'s petition for writ of habeas corpus and will order that he be returned to Minnesota and then released from custody.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Luis A.Z.H.'s Verified Petition for Writ of Habeas Corpus (Docket No. [2]) is **GRANTED**, as follows:

   a. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

   b. Respondents shall **TRANSPORT** Petitioner and all his personal effects to Minnesota and **RELEASE** Petitioner from custody immediately. Petitioner's release in Minnesota must occur **no later than 48 hours after the filing of this Order**.

   c. If Petitioner is being detained in Minnesota, Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.

d. Given the severe weather conditions in Minnesota, Respondents are **ORDERED** to coordinate with Petitioner's counsel to ensure that upon Petitioner's release, they are not left outside in dangerous cold. It is preferable to release Petitioner to counsel to ensure humane treatment.

e. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without conditions** such as location tracking devices.

f. Respondents shall provide Petitioner with his prescription medications.

g. Both parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on February 7, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: February 4, 2026                                        \_\_\_\_\_/s/ John R. Tunheim\_\_\_\_\_
at Minneapolis, Minnesota,                                      JOHN R. TUNHEIM
at 2:35 P.M.                                                          United States District Judge